UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MCLEODUSA TELECOMMUNICATIONS SERVICES, INC.<br><br>        **Plaintiff,**<br><br>v.<br><br>QWEST CORPORATION AND QWEST COMMUNICATIONS CORP.<br><br>        **Defendants.** | **Case No. 1:08-mc-00011**<br>**Sullivan, Emmet G.**<br><br>**Related to**<br>Civil Action No. 06-CV-35<br>United States District Court<br>For the Northern District of Iowa (Cedar Rapids Division) |

**CERTIFICATION OF COUNSEL IN SUPPORT OF PLAINTIFF MCLEODUSA'S MOTION TO COMPEL AND TO ENFORCE SUBPOENA**

Undersigned counsel hereby certifies that he met and conferred with counsel to both TEOCO and Qwest prior to filing the January 4, 2008 motion to compel in this matter, and that despite a good faith effort, the parties were unable to resolve the dispute. The Rule 37 certification was inadvertently omitted from McLeodUSA's motion. The relevant chronology is detailed below.

On November 9, 2007, one of Qwest's outside counsel, Mr. Vogel, advised that his firm would be representing TEOCO in response to McLeodUSA's subpoena. On November 21, the parties scheduled TEOCO's 30(b)(6) deposition and the fact deposition of TEOCO's 30(b)(6) witness, Derek Canfield, for December 11, 2007. On the evening of December 10, Mr. Vogel advised that questioning on Topic 6 (relating to communications between TEOCO and Qwest's counsel) would likely elicit objections on privilege and work product grounds. At the deposition, however, counsel objected only on privilege grounds. Neither TEOCO nor Qwest moved for a protective order or moved to quash the subpoena.

Mr. Canfield's deposition (as a fact witness and a 30(b)(6) designee of TEOCO) was completed on December 11, 2007. The transcript of that deposition was available on December 26, 2007. On January 3, 2008, during the deposition of a McLeodUSA witness, counsel for McLeodUSA attempted to confer with another of Qwest's outside counsel regarding the instant TEOCO-privilege dispute, but that attorney deferred to Mr. Vogel. On January 4, 2008, undersigned counsel spoke with Mr. Vogel for approximately 20 minutes by telephone, discussing the parties' positions on the applicability or inapplicability of the attorney-client privilege to TEOCO in the circumstances of this case. Counsel also discussed Qwest's pre-deposition reference to work product protection; however, because Qwest's counsel did not invoke the attorney work product doctrine during the TEOCO deposition, McLeodUSA advised that its motion addressed only the attorney-client privilege. The parties were unable to reach an agreement as to the applicability of the attorney-client privilege to communications with TEOCO, such that the instant motion is necessary to resolve the dispute.

    Respectfully submitted,

    /s  Jason R. Scherr
Warren Anthony Fitch (D.C. Bar No. 089920)
Jason R. Scherr (D.C. Bar No. 466645)
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, D.C. 20006
Tel.    202.373.6000
Fax    202.373.6001
tony.fitch@bingham.com
jr.scherr@bingham.com

ATTORNEYS FOR PLAINTIFF McLEODUSA TELECOMMUNICATIONS SERVICES, INC.

Dated: January 7, 2008.

**CERTIFICATE OF SERVICE**

     The foregoing was filed electronically through the Court's ECF system.  Notification that the case was available for ECF filing was received at 3:10 p.m. on January 7, 2008.  I hereby certify that a copy of this certification was served on all counsel of record by the means indicated below this 7th day of January, 2008:

<div style="margin-left:2em">

Via First Class Mail
Douglas P. Lobel
David A. Vogel
COOLEY GODWARD KRONISH LLP
One Freedom Square - Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
dlobel@cooley.com
dvogel@cooley.com

Via First Class Mail
Stephen J. Holtman
SIMMONS, PERRINE, ALBRIGHT & ELLWOOD, P.L.C.
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
sholtman@simmonsperrine.com

</div>

          /s  Jason R. Scherr